# United States Court of Appeals
# for the District of Columbia Circuit

## No. 24-5168

AMERICA FIRST LEGAL FOUNDATION,

*Plaintiff-Appellant,*

*v.*

HAMPTON DELLINGER, in his official capacity,

*Defendant-Appellee.*

*On Appeal from the United States District Court for the District of Columbia in No. 1:22-cv-03576-APM, Amit Priyavadan Mehta, U.S. Chief District Judge*

## SUPPLEMENTAL BRIEF FOR PLAINTIFF-APPELLANT

Reed D. Rubinstein (D.C. Bar No. 400153)
Andrew J. Block (D.C. Bar No. 90002845)
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Avenue, SE #231
Washington, D.C. 20003
(202) 964-3721
reed.rubinstein@aflegal.org
andrew.block@aflegal.org

*Counsel for Plaintiff-Appellant*

JANUARY 28, 2025



# Table of Contents

Table of Contents ..................................................................................................... i

Table of Authorities ............................................................................................... ii

Glossary of Abbreviations .................................................................................... v

Summary of Argument........................................................................................... 1

Legal Standard ....................................................................................................... 3

Argument ................................................................................................................ 5

    **1. The Special Counsel's has violated AFL's procedural right to an investigation**................................................................. 7

    **2. The Special Counsel's procedural violation is tied to AFL's concrete, particularized interests** ................................. 7

    **3. The Special Counsel's procedural violation is connected to the substantive result**........................................ 11

    **4. The substantive result is connected to AFL's injuries**.... 13

    **5. AFL's injuries can be redressed by ordering the Special Counsel to undertake the procedure** ........................ 15

Certificate of Compliance

Certificate of Service

# Table of Authorities

## <u>CASES</u>

*Am. Fuel & Petrochemical Manufacturers v. EPA*,
   937 F.3d 559 (D.C. Cir. 2019) .................................................. 5, 13, 14

*Carson v. U.S. Off. of Special Couns.*,
   633 F.3d 487 (6th Cir. 2011) ............................................................. 8

*Chamber of Com. of U.S. v. EPA*,
   642 F.3d 192 (D.C. Cir. 2011) ......................................................... 14

*City of Dania Beach v. FAA*,
   485 F.3d 1181 (D.C. Cir. 2007) ........................................... 3, 7, 11, 15

*City of Waukesha v. EPA*,
   320 F.3d 228 (D.C. Cir. 2003) ................................................. 3, 11, 12

*Comm. on Judiciary of United States House of
Representatives v. McGahn*,
   968 F.3d 755 (D.C. Cir. 2020) ............................................................ 9

*Ctr. for Biological Diversity v. EPA*,
   861 F.3d 174 (D.C. Cir. 2017) ......................................................... 15

*Dep't of Educ. v. Brown*,
   600 U.S. 551 (2023) ........................................................................... 4

*Eagle County v. Surface Transp. Bd.*,
   82 F.4th 1152 (D.C. Cir. 2023) ........................... 4, 5, 7, 11, 12, 15, 16

*FEC v. Akins*,
   524 U.S. 11 (1998) ........................................................................... 12

*Fla. Audubon Soc. v. Bentsen*,
   94 F.3d 658 (D.C. Cir. 1996) .............................................................. 4

*Growth Energy v. EPA*,
    5 F.4th 1 (D.C. Cir. 2021) ............................................................. 5, 13

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992)...................................................... 4, 10, 11, 12

*Mendoza v. Perez*,
    754 F.3d 1002 (D.C. Cir. 2014) ..................................................... 3, 13

*Montana v. Cardona*,
    2024 WL 3508566 (D.C. Cir. July 22, 2024)........................................ 4

*Newport Aeronautical Sales v. Dep't of Air Force*,
    684 F.3d 160 (D.C. Cir. 2012) ............................................................ 14

*Owner-Operator Indep. Drivers Ass'n v. U.S. Dep't of Transp.*,
    879 F.3d 339 (D.C. Cir. 2018) ............................................................ 9

*Prisology, Inc. v. Fed. Bureau of Prisons*,
    852 F.3d 1114 (D.C. Cir. 2017) ........................................................ 10

*Pub. Citizen v. U.S. Dep't of Just.*,
    491 U.S. 440 (1989)............................................................................ 1

*Schnitzler v. United States*,
    761 F.3d 33 (D.C. Cir. 2014) ............................................................. 6

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016)......................................................................... 10

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021)........................................................................... 4

*WildEarth Guardians v. Jewell*,
    738 F.3d 298 (D.C. Cir. 2013) ........................................................ 5, 7

*Woodhull Freedom Found. v. United States*,
    948 F.3d 363 (D.C. Cir. 2020) ............................................................ 3

*Zivotofsky v. Sec'y of State,*
    444 F.3d 614 (D.C. Cir. 2006) .............................................................. 9

## **<u>STATUTES</u>**

5 U.S.C. § 552 ............................................................................................ 7, 8

5 U.S.C. § 1214(a)(1)(C)–(D) .................................................................. 8, 10

5 U.S.C. § 1214(a)(2)(A) ....................................................................... 6, 8, 10

5 U.S.C. § 1214(e) ...................................................................................... 13

5 U.S.C. § 1216 ........................................................................................... 11

5 U.S.C. § 1216(a) .................................................................................... 7, 12

5 U.S.C. § 1216(a)(3) .............................................................................. 6, 8

## Glossary of Abbreviations

"AFL" means America First Legal Foundation.

"Civil Division" or "Division" means the Civil Division of the U.S. Department of Justice.

"FOIA" means Freedom of Information Act, 5 U.S.C. § 552 et seq.

## Summary of Argument

Plaintiff America First Legal Foundation has standing pursuant to this Court's procedural injury precedents. Under those precedents, a plaintiff has standing to assert a procedural injury if the procedure protects a concrete interest personal to the plaintiff, regardless of whether undertaking the procedure would lead to a different result.

The Special Counsel's refusal to investigate AFL's complaint about the Civil Division's FOIA withholding policy constitutes a procedural injury tied to two concrete, particularized informational interests. First, an investigation would give AFL information about the investigation itself—updates, proposed findings (with an opportunity to comment), and results. Second, AFL has filed many FOIA requests with the Civil Division as part of its government oversight mission, and the Division's evasion of those information requests by an unwritten employee opt-out policy "constitutes a sufficiently distinct injury to provide standing to sue." *Pub. Citizen v. U.S. Dep't of Just.*, 491 U.S. 440, 449 (1989). This injury is sharpened by the fact that the FOIA request that gave rise to AFL's complaint remains pending.[1] Causation and redressability easily

---

[1] *See* Joint Status Report, *America First Legal Foundation v. U.S. Dep't*

follow: AFL's injuries stem from the Special Counsel's nonfeasance and can be remedied by ordering him to investigate.

Presumably for these reasons, even the federal government—rarely one to leave a standing card unplayed—has acknowledged that AFL has standing. Below, the government referenced standing's requirement of "an injury that is concrete, particularized, and imminent," and said that AFL "will be unable to demonstrate that the alleged policy … has caused it any injury *if* [the Division] fully responds to America First's FOIA request or if the court holds in [the pending FOIA case] that [it] has no obligation to do so."[2] While that analysis is too stingy—given AFL's multiple FOIA requests to the Division (and repeated injuries from this policy)—it illustrates that even the government recognizes the connection between the investigation and FOIA responses. *And* the Special Counsel's investigation could lead to AFL obtaining information about the Division's policy or the investigation itself. Under this Court's precedents, either is sufficient for procedural injury standing.

---

*of Justice*, No. 23-cv-00391-AHA, ECF No. 23 (D.D.C. Jan. 2, 2025); *id.* at 5–6 (another FOIA request to the Division).

[2] Reply in Support of Motion to Dismiss 10, No. 1:22-cv-03576-APM, ECF No. 13, 2023 WL 4487895 (D.D.C. Apr. 25, 2023) ("Reply Motion to Dismiss") (emphasis added; cleaned up).

# Legal Standard

Article III standing requires "(1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood the injury will be redressed by a favorable decision." *Woodhull Freedom Found. v. United States*, 948 F.3d 363, 370 (D.C. Cir. 2020) (cleaned up). But "[t]he requirements for standing differ where, as here, plaintiffs seek to enforce procedural (rather than substantive) rights." *Mendoza v. Perez*, 754 F.3d 1002, 1010 (D.C. Cir. 2014). A "violation of the procedural requirements of a statute is sufficient to grant a plaintiff standing to sue, so long as the procedural requirement was designed to protect some threatened concrete interest of the plaintiff." *City of Dania Beach v. FAA*, 485 F.3d 1181, 1185 (D.C. Cir. 2007) (quoting *City of Waukesha v. EPA*, 320 F.3d 228, 234 (D.C. Cir. 2003)). "[I]n cases in which a party 'has been accorded a procedural right to protect his concrete interests,' the primary focus of the standing inquiry is not the imminence or redressability of the injury to the plaintiff, but whether a plaintiff who has suffered personal and particularized injury has sued a defendant who has caused that injury."

*Fla. Audubon Soc. v. Bentsen*, 94 F.3d 658, 664 (D.C. Cir. 1996) (en banc) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 572 n.7 (1992)).

These principles were unchanged by the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021). *See Dep't of Educ. v. Brown*, 600 U.S. 551, 561 (2023) ("[W]hen a statute affords a litigant 'a procedural right to protect his concrete interests,' the litigant may establish Article III jurisdiction without meeting the usual 'standards for redressability and immediacy.'" (quoting *Lujan*, 504 U.S. at 572)); *see also Eagle County v. Surface Transp. Bd.*, 82 F.4th 1152, 1169–70 (D.C. Cir. 2023) (applying the same rule post-*TransUnion*), *cert. granted.*[3]

---

[3] For a full-length discussion of procedural injury standing and *TransUnion*, *see* Appellants' Brief, *Montana v. Cardona*, No. 24-5114, 2024 WL 3508566 (D.C. Cir. July 22, 2024). This brief, filed in a case that became moot, thoroughly analyzes procedural injury standing in a similar context involving a request for an investigation, and may assist the Court.

# Argument

AFL asserts an "archetypal procedural injury": an agency's failure to conduct an investigation. *Am. Fuel & Petrochemical Manufacturers v. EPA*, 937 F.3d 559, 592 (D.C. Cir. 2019). Distilling this Court's procedural-injury standing cases shows that five considerations are relevant. The first two relate to injury in fact, the second two relate to causation, and the final one relates to redressability. A plaintiff alleging a procedural injury has standing if:

1. the defendant agency has violated its procedural right, *Eagle County*, 82 F.4th at 1169;

2. the procedural violation "is tied to" a concrete, particularized interest of the plaintiff's, *WildEarth Guardians v. Jewell*, 738 F.3d 298, 305 (D.C. Cir. 2013); *see Eagle County*, 82 F.4th at 1169;

3. the violation is "connected to the substantive result," *Eagle County*, 82 F.4th at 1170;

4. the "substantive [result]" is "connect[ed] … to the plaintiff's particularized injury," *Growth Energy v. EPA*, 5 F.4th 1, 27 (D.C. Cir. 2021) (cleaned up); and,

5. "the [agency] *could* reach a different conclusion" regarding the substantive result if it complied with the correct procedure, *Eagle County*, 82 F.4th at 1171 (internal quotation marks omitted).

AFL satisfies this test. AFL asserts a procedural right to have the Special Counsel investigate its complaint and provide its findings. The existence of that right is "assume[d]" "in reviewing the standing question." *Schnitzler v. United States*, 761 F.3d 33, 40 (D.C. Cir. 2014). This right is tied to AFL's concrete information interest, for the point of the Special Counsel's investigation is to prevent "arbitrary or capricious withholding of information" under FOIA. 5 U.S.C. § 1216(a)(3). AFL's statutorily-protected informational interest is sufficiently concrete to support an injury-in-fact. Apart from that, AFL also has an informational interest in the outcome of the investigation. *See* 5 U.S.C. § 1214(a)(2)(A). Causation exists too: the Special Counsel's procedural violation—the absence of investigation—*is* the substantive result that deprives AFL of information about the investigation (and the unwritten policy), and it is also connected to the Civil Division's ongoing failure to provide AFL proper FOIA responses. Last, ordering the Special Counsel to investigate would redress the absence of an investigation and likely satisfy AFL's informational interests. AFL has standing.

1.  **The Special Counsel's has violated AFL's procedural right to an investigation.**

The first step of procedural standing is satisfied if the plaintiff alleges that the defendant has violated the plaintiff's procedural rights. *Eagle County*, 82 F.4th at 1169. Because courts "must assume that [the plaintiff] will prevail on the merits of [its] claims" "[f]or purposes of the standing analysis," they presume the plaintiff's assertion that the defendant has "'violat[ed] the procedural requirements' of the [relevant statute]." *Id.* at 1170 (quoting *Dania Beach,* 485 F.3d at 1185).

Here, as briefed, AFL claims that the Special Counsel has violated a mandatory statutory duty to "conduct an investigation" of AFL's complaint "concerning" an "arbitrary or capricious withholding of information prohibited under section 552." 5 U.S.C. § 1216(a).

2.  **The Special Counsel's procedural violation is tied to AFL's concrete, particularized interests.**

The other component of a procedural injury-in-fact is that the defendant's procedural violation is "tethered to some concrete interest adversely affected by the procedural deprivation." *WildEarth*, 738 F.3d at 305. Here, the procedure—the Special Counsel's investigation—

protects AFL's concrete, particularized interests in obtaining information guaranteed by law, in two respects.

First, by statute, the required investigation is directly tied to an "arbitrary or capricious withholding of information prohibited under section 552," which is FOIA. 5 U.S.C. § 1216(a)(3). That withholding is due to the Division's unwritten policy of obtaining employees' consent before conducting a search for records. JA15–16.

Second, § 1214 provides for updates on the investigation, an opportunity to provide comments on "proposed findings of fact and legal conclusions," and eventually "a summary of relevant facts ascertained" and "the reasons for terminating the investigation." 5 U.S.C. §§ 1214(a)(1)(C)–(D), 1214(a)(2)(A). Though some courts have found that under § 1216(c), the "Special Counsel's decision whether to follow section 1214's procedural requirements [i]s discretionary,"[4] the Special Counsel has a conceded practice of providing these updates for complaints filed under § 1216: "OSC generally exercises its discretion and follows the procedures proscribed by § 1214 when investigating allegations under

---

[4] *Carson v. U.S. Off. of Special Couns.*, 633 F.3d 487, 496 (6th Cir. 2011).

§ 1216(a)(4)."[5] It has followed that practice here. *See* JA35–36, 64–66. And the statutory scheme at least implies a need for this practice: If there were no update requirement, there would be no way for the complainant to ensure that the Special Counsel carried out his duties. That could allow agency FOIA violators to avoid consequences for activities that prompted the complaint.

Both of AFL's informational interests are concrete and particularized. A "concrete interest" is one "that is *de facto*, real, and actually exist[s]." *Owner-Operator Indep. Drivers Ass'n v. U.S. Dep't of Transp.*, 879 F.3d 339, 343 (D.C. Cir. 2018) (cleaned up). "[W]hen a person seeks to obtain information the government is required to disclose, the denial of the information is a concrete injury." *Comm. on Judiciary of United States House of Representatives v. McGahn*, 968 F.3d 755, 766 (D.C. Cir. 2020) (en banc). The relevant concrete interest derives from the denial of information *alone*: "why [a plaintiff] wants the information" or "what he plans to do with it" "are irrelevant." *Zivotofsky*

---

[5] Memorandum in Support of Motion to Dismiss 5, *Carson v. U.S. Off. of Special Couns.*, No. 3:08-cv-330, ECF No. 42 (E.D. Tenn. Jan. 23, 2009); *see* Decl. of Marsha Sheth ¶¶ 8, 11, 13, 17, *id.*, ECF No. 17 (Oct. 20, 2008) (confirming this practice).

*v. Sec'y of State*, 444 F.3d 614, 617 (D.C. Cir. 2006). AFL has concrete interests in both the information responsive to its FOIA requests and the required investigation's findings.

AFL's interests are also particularized. A particularized injury "affect[s] the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560 n.1). "Particularized" injuries are "distinct" rather than "undifferentiated." *Id.*

Here, as to the FOIA information, AFL's interest is particularized because not only did AFL file the underlying FOIA request—which remains pending—but AFL has filed other FOIA requests equally affected by the Division's policy of seeking employees' consent before searching for records. *See supra* note 1; JA21 & n.1. As "the requester," AFL "has suffered a particularized injury because [it] has requested and been denied information Congress gave [it] a right to receive." *Prisology, Inc. v. Fed. Bureau of Prisons*, 852 F.3d 1114, 1117 (D.C. Cir. 2017).

Likewise, as to information about the investigation itself, that information—including updates, proposed findings, and final findings—is provided to the "complainant," *i.e.*, the "person on whose allegation the investigation was initiated." 5 U.S.C. §§ 1214(a)(1)(C)–(D), 1214(a)(2)(A).

Here, AFL alone is that "person," as its "allegation" gave rise to the Special Counsel's duty to investigate. 5 U.S.C. § 1216.

In sum, a plaintiff "assuredly" has standing to "enforce procedural rights" if "the procedures in question are designed to protect some threatened concrete interest of his that is the ultimate basis of his standing." *Lujan*, 504 U.S. at 573 n.8. As shown, AFL has concrete and particularized informational interests, and § 1216(a)'s required investigation is directly tethered to this interest.

### 3. The Special Counsel's procedural violation is connected to the substantive result.

Moving to causation and the third step of procedural standing, "[a]ll that is necessary is to show that the procedural step was connected to the substantive result." *Eagle County*, 82 F.4th at 1170. In other words, this link "connect[s] the omitted procedural step to some substantive government decision that may have been wrongly decided because of the lack of that proce[ss]." *Id.* "[T]his requirement is not very stringent." *Waukesha*, 320 F.3d at 234–35 (citing *Lujan*, 504 U.S. at 572 n.7). "A plaintiff asserting procedural injury never has to prove that if he had received the procedure" he would have prevailed. *Dania Beach*, 485 F.3d at 1186 (internal quotation marks omitted).

Here, the omitted procedure—the failure of the Special Counsel to investigate—is connected to the failure to disclose (1) the results of the Special Counsel's investigation and (2) responsive FOIA records. On the former, the lack of an investigation causes an absence of investigation updates, proposed findings, and results. And on the latter, the required investigation is of an "arbitrary or capricious withholding of information prohibited" by FOIA, 5 U.S.C. § 1216(a). After the investigation, the Special Counsel may "seek corrective action." *Id.* § 1216(c).

That this corrective action—or the provision of information about the investigation itself—may be permissive makes no difference. This Court has rejected as irrelevant even the argument "that there is no chance that performing the" omitted procedure "will alleviate the harm suffered by" the plaintiff. *Waukesha*, 320 F.3d at 234. The plaintiff need not "establish with any certainty that the [procedure] will cause" a different substantive result. *Id.* (quoting *Lujan*, 504 U.S. at 572 n.7); *cf. FEC v. Akins*, 524 U.S. 11, 25 (1998) (holding irrelevant to causation the fact that the agency could "still have decided in the exercise of its discretion not to ... produce the information"). And no matter whether corrective action is sought, the Special Counsel could inform the Attorney

General of the Civil Division's "violation"—and the Attorney General would have to "personally review[] the report" and state "what action has been or is to be taken." 5 U.S.C. § 1214(e).

Because a connection exists between the Special Counsel's investigation and both updates on that investigation and the Division's FOIA responses, the first causation step is satisfied.

**4.    The substantive result is connected to AFL's injuries.**

The other causation step is to "connect[] th[e] substantive [result] to the plaintiff's particularized injury." *Growth Energy*, 5 F.4th at 27. "[P]laintiffs simply need to show the agency action affects their concrete interests in a personal way." *Mendoza*, 754 F.3d at 1013. Here, AFL's concrete and particularized informational injuries, described above, stem from the absence of an investigation and the Division's policy of seeking employees' consent before searching for records and its concomitant under-disclosure of responsive records. *See Am. Fuel*, 937 F.3d at 592 ("In cases involving a procedural injury," "our analyses of the injury and of causation tend to involve similar concepts.").

One informational injury exists because investigation updates and findings can only follow the commencement of an investigation. Another

injury exists because AFL has (and will continue to have) FOIA requests before the Division. Below, the government appeared to concede standing based on one FOIA request. *See* Reply Motion to Dismiss, *supra* note 2, at 10. But contrary to the government's argument below that standing would dissipate "if [the Division] fully responds" "or if the court holds in [the pending FOIA case] that [it] has no obligation to do so," *id.*, those possibilities do not affect AFL's standing.

First, "[s]tanding is assessed as of the time a suit commences." *Chamber of Com. of U.S. v. EPA*, 642 F.3d 192, 199 (D.C. Cir. 2011). The relevant jurisdictional doctrine for post-complaint changes is *mootness*, as the government unsuccessfully argued below. "[E]ven though a party may have obtained relief as to a *specific request* under the FOIA, this will not moot a claim that an agency *policy or practice* will impair the party's lawful access to information in the future." *Newport Aeronautical Sales v. Dep't of Air Force*, 684 F.3d 160, 164 (D.C. Cir. 2012). And not only does AFL target a "U.S. Department of Justice policy," JA7 (Compl. ¶ 11), but it has filed several FOIA requests directed at the Civil Division. *See supra* p. 10; *see also* JA47 (the district court explaining why "production of the requested emails" would not moot this case). Thus, the Special Counsel's

refusal to investigate is connected to AFL's informational injuries since the FOIA request remains pending and AFL has an independent informational interest in the investigation's findings.

## 5. AFL's injuries can be redressed by ordering the Special Counsel to undertake the procedure.

Last, AFL satisfies the "relatively low burden" of redressability. *Eagle County*, 82 F.4th at 1171. Once again, AFL need not show "that observing [the correct procedure] would '"force"' the [government] to reach substantive results more favorable to them." *Id.* at 566–67. Instead, AFL need only show that "the [government] '*could* reach a different conclusion'" if it complied with the correct procedure. *Eagle County*, 82 F.4th at 1171 (quoting *Ctr. for Biological Diversity v. EPA*, 861 F.3d 174, 185 (D.C. Cir. 2017)).

Here, AFL's procedural injury would be redressed by ordering the Special Counsel to investigate, which would likely entitle AFL to updates on, and the results of, that investigation. *See Dania Beach*, 485 F.3d at 1186 ("[P]rocedural injuries are 'easily redressable, as a court may order the agency to undertake the procedure.'").

Beyond that, if the Special Counsel investigated, it could determine that the Division's challenged policy is unlawful. That determination—

whether or not accompanied by formal corrective action—would presumably lead to proper FOIA disclosure both in the underlying request and in other requests. Such complete disclosure would redress the other part of AFL's informational injuries. "Even if there were a serious possibility" that the Division's responses "would remain unchanged following" an investigation, "there remains at least the possibility"—enough for redressability of a procedural injury. *Eagle County*, 82 F.4th at 1171 (cleaned up).

Thus, AFL has standing.

January 28, 2025             Respectfully submitted,

                            / s / Andrew J. Block
                            Reed D. Rubinstein (D.C. Bar No. 400153)
                            Andrew J. Block (D.C. Bar No. 90002845)
                            AMERICA FIRST LEGAL FOUNDATION
                            611 Pennsylvania Ave., SE #231
                            Washington, D.C. 20003
                            (202) 964-3721
                            reed.rubinstein@aflegal.org
                            andrew.block@aflegal.org
                            *Counsel for Plaintiff-Appellant*

## Certificate of Compliance

Pursuant to Fed. R. App. P. 32(g), the undersigned counsel certifies compliance with the requirements of Fed. R. App. P. 32(a)(5)–(6) and this Court's supplemental briefing order. The brief is 3,000 words in length (including footnotes). The brief was prepared in 14-point Century Schoolbook font and follows the required formatting regulations.

_/s/ Andrew J. Block_
Andrew J. Block

**Certificate of Service**

I hereby certify that on January 28, 2025, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system.

_/s/ Andrew J. Block_
Andrew J. Block