# United States Court of Appeals
# for the District of Columbia Circuit

### No. 24-5168

AMERICA FIRST LEGAL FOUNDATION,

*Plaintiff-Appellant,*

v.

HAMPTON DELLINGER, in his official capacity,

*Defendant-Appellee.*

*On Appeal from the United States District Court for the District of Columbia in No. 1:22-cv-03576-APM, Amit Priyavadan Mehta, U.S. Chief District Judge*

## SUPPLEMENTAL REPLY BRIEF FOR PLAINTIFF-APPELLANT

Reed D. Rubinstein (D.C. Bar No. 400153)
Andrew J. Block (D.C. Bar No. 90002845)
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Avenue, SE #231
Washington, D.C. 20003
(202) 964-3721
reed.rubinstein@aflegal.org
andrew.block@aflegal.org

*Counsel for Plaintiff-Appellant*

FEBRUARY 7, 2025

(800) 4-APPEAL • (130938)

# TABLE OF CONTENTS

**Table of Contents** ................................................................................... i

**Table of Authorities** ................................................................................ ii

**Summary of Argument** ........................................................................... 1

**Argument** ................................................................................................. 1

    I.    AFL has a procedural injury ................................................. 1

    II.   AFL's procedural injury is tied to its concrete harms .... 4

    III.  Traceability and redressability follow ................................ 7

**Certificate of Compliance**

**Certificate of Service**

# TABLE OF AUTHORITIES

**CASES**

*Californians for Renewable Energy v. EPA*,
    2018 WL 1586211 (N.D. Cal. Mar. 30, 2018) ..................................... 3

*Carson v. U.S. Office of Special Counsel*,
    633 F.3d 487 (6th Cir. 2011) ....................................................... 5, 6

*Center for Law & Education v. Dep't of Education*,
    396 F.3d 1152 (D.C. Cir. 2005) ........................................................ 3

*Citizens for Constitutional Integrity v. Census Bureau*,
    115 F.4th 618 (D.C. Cir. 2024) .................................................... 3, 4

*Committee for Full Employment v. Blumenthal*,
    606 F.2d 1062 (D.C. Cir. 1979) .................................................... 2, 3

*Eagle Cnty., Colorado v. Surface Transp. Bd.*,
    82 F.4th 1152 (D.C. Cir. 2023) ........................................................ 7

*Massachusetts v. EPA*,
    549 U.S. 497 (2007) ........................................................................ 8

*United States v. Armstrong*,
    517 U.S. 456 (1996) ........................................................................ 8

*Utah v. Evans*,
    536 U.S. 452 (2002) .................................................................... 8, 9

*WildEarth Guardians v. Jewell*,
    738 F.3d 298 (D.C. Cir. 2013) ......................................................... 5

**STATUTES**

5 U.S.C. § 1216(a) ................................................................................ 2

5 U.S.C. § 1216(a)(3) .................................................................................... 1, 5

5 U.S.C. § 1216(c) ........................................................................................... 2

# SUMMARY OF ARGUMENT

America First Legal ("AFL") has standing because it has suffered a procedural injury (denial of an investigation) related to concrete interests (information from agency compliance with FOIA and in the outcome of the investigation). Even the cases relied upon by the government confirm these points. Because this injury can be remedied by mandamus to the Special Counsel, ordering it to perform its ministerial duty to investigate alleged prohibited practices under FOIA, AFL has standing.

# ARGUMENT

## I. AFL has a procedural injury.

First, AFL has suffered a procedural injury. By enacting FOIA, Congress gave the public an informational interest in public records. By enacting § 1216(a)(3), Congress gave those FOIA requestors the right to bring to the Office of Special Counsel ("OSC") allegations of arbitrary and capricious withholding of information under FOIA.

The government argues that § 1216 "imposes" no "procedural requirements on the Special Counsel" at all. Supp. Resp. 14. The government refashions AFL's suit as demanding that OSC "take enforcement actions." *Id.* at 14 & n.2. But the government is wrongly

1

conflating the required *procedure*—that the Special Counsel must "conduct an investigation"—with the potential *substantive* enforcement of "seek[ing] corrective action." 5 U.S.C. § 1216(a), (c).

This Court's precedents place a statutory requirement to investigate on the procedural side. In *Committee for Full Employment v. Blumenthal*, the Court held that several plaintiffs had standing in the suit claiming that an agency had "failed to respond adequately to administrative complaints [they] filed." 606 F.2d 1062, 1063 (D.C. Cir. 1979). The regulatory regime required "a prompt investigation." *Id.* at 1064. The plaintiffs alleged "that they have filed charges," but "no action has been taken." *Id.* at 1064–65. In a holding directly applicable here, the Court ruled:

> These allegations … are sufficient to confer standing on the complaining appellants to challenge [the agency's] inaction. The agency's procedural regulations … entitle complainants to a review of their complaint by the Secretary and, if the complaint raises a colorable claim of violation, a prompt investigation. Complainants are injured if this procedural right is denied them, regardless of whether their complaint is ultimately found meritorious.

*Id.* at 1065. The Court thus recognized that the failure to conduct "a prompt investigation" is a "procedural right." *Id.*[1]

The government does not address this binding precedent. And its two cases are largely irrelevant. Supp. Resp. 7. *Center for Law & Education v. Dep't of Education* focused on whether there was a "[v]iolation of a procedural right designed to protect plaintiffs' interests," 396 F.3d 1152, 1157 (D.C. Cir. 2005)—the issue discussed next. *Citizens for Constitutional Integrity v. Census Bureau* held that an "alleged failure to take certain substantive considerations into account when conducting [an] analysis" was not a procedural claim. 115 F.4th 618, 626 (D.C. Cir. 2024) (cleaned up).

If anything, these cases support AFL. *Citizens for Constitutional Integrity* explained that "[t]here is no established test in this Circuit for determining whether a claimed right is procedural," but held that "the inquiry for ascertaining whether a rule qualifies for the APA's 'procedural exception' to notice and comment requirements is

---

[1] *Accord Californians for Renewable Energy v. EPA*, No. C 15-3292 SBA, 2018 WL 1586211, at *8 (N.D. Cal. Mar. 30, 2018) (agency failure to issue findings after accepting "complaints for investigation" imposed a procedural injury).

3

instructive." *Id.* at 625–26. And, the Court continued, "[t]he critical feature of a procedural rule is that it covers agency actions that do not themselves alter the rights or interests of parties." *Id.* at 626 (internal quotation marks omitted).

That is true of the required investigation under § 1216, which does *not* "encode[] a substantive value judgment." *Id.* AFL does not seek to compel a substantive result or enforcement. It seeks a procedure. And the government concedes that the "Court must assume" for standing purposes that "any procedural requirement was violated." Supp. Resp. 7. Thus, AFL has alleged the violation of a procedural requirement.[2]

## II. AFL's procedural injury is tied to its concrete harms.

Next, the government argues that any investigation would be disconnected from AFL's concrete interests. That is incorrect.

On AFL's interest in proper FOIA responses, the government's contention that § 1216 "was not 'designed to protect' that interest" (Supp. Resp. 11) is hard to credit, given that the statutory investigation is

---

[2] Even apart from the procedural injury framework, AFL states an injury from OSC's failure to conduct an investigation—deprivation of information—and causation and redressability follow for the reasons explained previously and below.

4

geared toward "arbitrary or capricious withholding of information prohibited under section 552." 5 U.S.C. § 1216(a)(3). The obvious victim of every "arbitrary or capricious withholding of information" is the FOIA requester. Presumably, that's why even the government recognized below the connection between this suit and DOJ's FOIA responses, acknowledging that AFL had standing. *See* Supp. Br. 13–14. The government's supplemental brief fails to explain or even note its contradictory position now.

Regardless, to say that the required investigation merely "fulfills [the Special Counsel's] investigative ... function" (Supp. Resp. 12) circularly begs the question of the *point* of the investigation. The point is to address FOIA violations. That Congress provided a separate "mechanism" for FOIA suits (Supp. Resp. 12–13) does not imply that it intended no other protections for FOIA requesters; that logic would suggest § 1216(a)(3) need not exist at all. AFL's procedural injury "is tied to" its interest in proper FOIA responses to ongoing inquiries. *WildEarth Guardians v. Jewell*, 738 F.3d 298, 305 (D.C. Cir. 2013).

On AFL's concrete interest in the information pertaining to an investigation, the government cites *Carson v. U.S. Office of Special*

*Counsel*, 633 F.3d 487 (6th Cir. 2011), to argue that even if it proceeded with an investigation, the reporting requirements of § 1214 are discretionary. This is exactly the point that AFL made in its opening merits brief—as *Carson* correctly interprets § 1216 to say that once the Special Counsel commences a mandatory investigation, the process by which it completes that investigation is committed to its discretion. Opening Brief at 19. And on standing, that the reporting requirements might be discretionary does not deprive AFL of its informational interest.

First, at least *some* informational updates are inherent in an investigation; Congress could not have intended investigations that would result in no information. As previously stated—without response by the government—how would a complainant "ensure that the Special Counsel carried out his duties" otherwise? Supp. Br. 9. At minimum, per OSC's own documents, AFL is entitled to notice that OSC is conducting an investigation. *See* U.S. OFFICE OF SPECIAL COUNSEL, FACT SHEET HOW COMPLAINTS ARE INVESTIGATED AND PROSECUTED, https://perma.cc/G3L5-JXNB (stating that OSC acknowledges the receipt of a complaint of "prohibited activity"). And even if updates were otherwise discretionary under §§ 1214 and 1216, any activity related to an investigation will

6

create records that AFL can obtain through an independent action. But OSC has followed its practice, updating AFL each time it has denied investigating. Supp. Br. 8–9, JA35–36, 64–66. The government nowhere suggests that OSC would *not* continue providing updates were it to investigate. Lastly, this is not "bootstrapping one alleged procedural injury upon another" (Supp. Resp. 11): the investigation is the procedure, and information generated is the result. AFL has two concrete harms from its procedural injury.

### III. Traceability and redressability follow.

Traceability and redressability are "relaxed for procedural-rights plaintiffs." *Eagle Cnty., Colorado v. Surface Transp. Bd.*, 82 F.4th 1152, 1171 (D.C. Cir. 2023). Both are satisfied here because "there is a 'substantial probability'" that an investigation would provide AFL information about the investigation and proper FOIA responses. *Id.* at 1170.

Regarding the investigation, the government resorts to the same argument addressed above—that such information is "entirely discretionary." Supp. Resp. 14. As explained, that argument is wrong—an investigation inherently entails more information, and OSC, in fact,

7

provides that information—but it is also irrelevant here. That is because "there is some possibility that the requested relief will prompt the injury-causing party to" provide information about the investigation. *Massachusetts v. EPA*, 549 U.S. 497, 518 (2007). Absent an investigation, no such information would exist. That suffices for traceability and redressability.

On proper FOIA compliance and responses, the government devises a purportedly "attenuated chain of speculation." Supp. Resp. 14. But procedural injury standing assumes the first link: a mandated investigation *could* find a FOIA violation. The remaining links in the government's chain—disciplinary actions and the like—are extraneous. There is no reason to believe DOJ would ignore OSC's findings, regardless of whether OSC seeks formal corrective action. The addition of DOJ into the causation chain does not eliminate traceability or redressability, either, given that DOJ can be expected to "properly discharge[] [its] official duties." *United States v. Armstrong*, 517 U.S. 456, 464 (1996). Because it is "substantially likely that … executive … officials would abide by" OSC's findings, traceability and redressability are also satisfied. *Utah v. Evans*, 536 U.S. 452, 464 (2002).

February 7, 2025          Respectfully submitted,


                          / s / Andrew J. Block
                          Reed D. Rubinstein (D.C. Bar No. 400153)
                          Andrew J. Block (D.C. Bar No. 90002845)
                          AMERICA FIRST LEGAL FOUNDATION
                          611 Pennsylvania Ave., SE #231
                          Washington, D.C. 20003
                          (202) 964-3721
                          reed.rubinstein@aflegal.org
                          andrew.block@aflegal.org
                          *Counsel for Plaintiff-Appellant*

**Certificate of Compliance**

Pursuant to Fed. R. App. P. 32(g), the undersigned counsel certifies compliance with the requirements of Fed. R. App. P. 32(a)(5)–(6) and this Court's supplemental briefing order. The brief is 1,496 words in length (including footnotes). The brief was prepared in 14-point Century Schoolbook font and follows the required formatting regulations.

                               */s/ Andrew J. Block*
                               Andrew J. Block

## Certificate of Service

I hereby certify that on February 7, 2025, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system.

                                         /s/ *Andrew J. Block*
                                         Andrew J. Block